# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| LINDA WEAVER, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-3045 |
| | § | |
| CONTINENTAL AIRLINES, INC., | § | |
| *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This personal injury lawsuit is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 14] filed by Defendant John Bean Technologies Corporation d/b/a JBT Aerotech ("JBT"), to which Plaintiff Linda Weaver filed a Response [Doc. # 15], and JBT filed a Reply [Doc. # 16]. Having considered the full record and applicable legal authorities, the Court **grants** JBT's Motion.

## I.     BACKGROUND

On May 11, 2011, Plaintiff was a passenger on a Continental Airlines ("Continental") flight from Las Vegas to Houston. She alleges that she was injured when she tripped and fell while exiting the airplane in Terminal C at Bush Intercontinental Airport ("IAH") "due to a gap between the aircraft and jet way." *See* First Amended Petition [Doc. # 1-3], ¶ 14. Defendant JBT was a party to a Master

Services Agreement with Continental for facilities management services including maintenance of boarding jetbridges in IAH's Terminal C.

On March 13, 2013, Plaintiff filed this lawsuit in Texas state court against the City of Houston, Houston Airport System, Houston Intercontinental Airport, Continental Airlines, United Air Lines, Inc., and JBT. On April 25, 2013, Plaintiff filed her First Amended Petition. In both pleadings, Plaintiff asserted a premises liability claim and a "negligence and gross negligence" claim. On June 7, 2013, Plaintiff nonsuited her claims against Houston Airport System and the airport. On October 8, 2013, after the City of Houston filed a Motion for Summary Judgment, Plaintiff filed a Notice of Nonsuit as to the City. The remaining parties were Continental Airlines, United Airlines (now merged into a single airline referred to herein as "United") and JBT.

United filed a Notice of Removal [Doc. # 1] on October 16, 2013, and JBT joined in the removal. JBT has now moved for summary judgment. The Motion has been fully briefed and is now ripe for decision.

## II. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment against a plaintiff who fails to make a sufficient showing of the existence of an element essential to her case and on which she will bear the burden at

trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 322-23; *Curtis*, 710 F.3d at 594.

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 839 (5th Cir. 2012). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005); *Jackson v. Epps*, 519 F. App'x 261 (5th Cir. Apr. 30, 2013). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)); *Spencer v. U.S.*, 463 F. App'x 368, 370 (5th Cir. Mar. 2, 2012).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material

fact for trial. *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004); *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action." *Spring Street Partners-IV, L.P. v. Lam*, 730 F.3d 427, 435 (5th Cir. 2013). "A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002); *Chambers v. Sears, Roebuck and Co.*, 428 F. App'x 400, 407 (5th Cir. June 15, 2011). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*,

530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

## III. ANALYSIS

### A. Premises Liability Claim

The elements of a premises liability claim are: "(1) Actual or constructive knowledge of some condition on the premises by the owner/operator; (2) That the condition posed an unreasonable risk of harm; (3) That the owner/operator did not exercise reasonable care to eliminate or reduce the risk; and (4) That the owner/operator's failure to use such care proximately caused the plaintiff's injuries." *Wal–Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998) (quoting *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992)); *Gillespie v. Kroger Tex., L.P.*, 415 S.W.3d 589, 592 (Tex. App. – Dallas 2013, *rev. denied*); *Dixon v. Wal-Mart Stores, Inc.*, 330 F.3d 311, 314 (5th Cir. 2003). Plaintiff has failed to present evidence that

JBT was the owner/operator of the jetbridge where Plaintiff claims to have fallen.[1] Indeed, it is uncontroverted that United owned, operated and controlled the jetbridge in question. As a result, JBT is entitled to summary judgment on Plaintiff's premises liability claim against it.

### B. Negligence and Gross Negligence Claim

"The elements of a negligence cause of action are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach." *Rodriguez–Escobar v. Goss*, 392 S.W.3d 109, 113 (Tex. 2013) (quoting *IHS Cedars Treatment Ctr. of De Soto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)). It is undisputed that JBT had a legal duty, created by its contract with United, to provide maintenance for the jetbridge where Plaintiff alleges she fell.[2] Plaintiff asserts that JBT breached that duty by failing to use a cap or mat to cover the "ridge" or "gap" between the airplane door and the jetbridge walkway.[3] *See* Plaintiff's Deposition, Exh. B to Motion, p. 57. There is no evidence, however, that JBT's

---

[1] Plaintiff in her Response did not address the premises liability claim.

[2] Plaintiff presented evidence that a JBT employee removed a section of carpet on the jetbridge, installed new plywood, and then recarpeted the area to repair a "soft spot" on the jetbridge walkway. The "soft spot" on the jetbridge, however, was located in an area approximately ten feet beyond where Plaintiff claims she fell and there is no evidence that the "soft spot" in any way caused or contributed to Plaintiff's fall.

[3] Plaintiff uses the terms "ridge" and "gap" interchangeably to describe the area in which she caught her heel.

contract with United required, or even permitted it, to place a cap or mat over the gap without United's authorization. Indeed, United has admitted that it did not request that JBT place a cap or mat over the gap, either before or after Plaintiff's alleged fall. *See* Responses to Request for Admissions, Exh. E to Reply, Nos. 4, 5, 13. As a result, Plaintiff has failed to present evidence that JBT had a legal duty to cover the gap with a mat or other covering, or that its failure to provide a covering breached the maintenance duties it actually owed.[4] Defendant JBT is entitled to summary judgment on Plaintiff's negligence claim against it.

Gross negligence means an act or omission (1) which, when viewed objectively from the defendant's standpoint at the time of its occurrence, involved "an extreme degree of risk, considering the probability and magnitude of the potential harm to others" and (2) of which the defendant had "actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others." *U–Haul Intern., Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012). Plaintiff has failed to present evidence that the gap between the airplane and the jetbridge walkway, viewed objectively from JBT's standpoint, involved an extreme degree of risk. Plaintiff has failed to present evidence that the gap in issue

---

[4] The Court's ruling on JBT's Motion for Summary Judgment is in no way a comment on the legal duties United may or may not have had in connection with the jetbridge.

or any similar gaps on other jetbridges caused any other airline passenger or employee to fall.

Moreover, Plaintiff has failed to present evidence that JBT had an actual, subjective awareness that the gap presented an extreme risk of harm and, with conscious indifference to the safety of passengers and employees, failed to place a mat or other covering over the gap.  Instead, Plaintiff relies on general statements by JBT's Airport Operations Manager, who testified that "accidents and injuries can result from a hazardous condition if something is not properly maintained or repaired," that the "safety of the customers and passengers at the airport needs to be the number one priority at all times," and that JBT was responsible for inspecting and maintaining the jetbridge walkways.  *See* Plaintiff's Response, pp. 4-5 (quoting deposition testimony of Alfredo Martinez).  This testimony fails to raise a genuine issue of material fact regarding whether JBT had an actual awareness that the gap where Plaintiff alleges she caught her heel presented a high degree of risk which JBT consciously ignored.  JBT's Motion for Summary Judgment on the gross negligence claim is granted.

## IV.   **CONCLUSION AND ORDER**

Plaintiff has failed to present evidence that raises a genuine issue of material fact in support of her claims against Defendant JBT.  As a result, it is hereby

**ORDERED** that Defendant John Bean Technologies Corporation d/b/a JBT Aerotech's Motion for Summary Judgment [Doc. # 14] is **GRANTED**. The case remains pending against Defendant United.

SIGNED at Houston, Texas, this **2nd** day of **June, 2014**.

_____
Nancy F. Atlas
United States District Judge